**PERKINS COIE LLP**
Jasmine W. Wetherell (Cal. Bar No. 288835)
JWetherell@perkinscoie.com
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: 310.788.9900
Facsimile: 310.788.3399

Eric J. Weiss (*pro hac vice*)
EWeiss@perkinscoie.com
David T. Martin (*pro hac vice*)
DMartin@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| LUZ SANCHEZ, DOLLY VIERRA, and minors M.S. and A.D., individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>NINTENDO OF AMERICA INC.,<br><br>     Defendant. | Case No. 3:20-cv-06929-WHA<br><br>**STATUS REPORT BY NINTENDO OF AMERICA INC.**<br><br>Judge: Hon. William Alsup<br>Action Filed: October 5, 2020<br><br>Status Conference Scheduled:<br>March 31, 2022, at 11:00 a.m. |

**STATUS REPORT BY NINTENDO OF AMERICA INC.**

Defendant Nintendo of America Inc. submits this Status Report in advance of the Status Conference scheduled for March 31. Plaintiffs submitted a "Status Conference Statement" on March 14, but they did not invite Nintendo to participate in that filing. *See* ECF No. 56. This Status Report provides further detail on the outcome of the arbitral proceedings and proposes next steps in this action. Specifically, Nintendo respectfully submits that the most efficient and fair path forward, once the stay is lifted, is for the Court to rule on Nintendo's motion to dismiss the minor Plaintiffs' claims for lack of standing. If needed, Nintendo will raise other grounds for dismissal at the appropriate time, but the threshold legal question of standing is fully briefed and dispositive as to the remaining claims.

Plaintiffs Luz Sanchez, Dolly Vierra, and their minor children M.S. and A.D. alleged that the Joy-Con controllers accompanying the Nintendo Switch video-game consoles purchased by the adult parents contain a "defect that occurs when the joystick stops working properly." ECF No. 25 (Amended Complaint) at 1. Plaintiffs alleged that the defect forced them to "either buy a replacement [controller], or greatly diminish their use of the Nintendo Switch." *Id.*

Nintendo moved to transfer the case or compel arbitration pursuant to the End-User License Agreement ("EULA") to which Sanchez and Vierra agreed and to dismiss M.S. and A.D.'s claims because they did not purchase the controllers and thus lack standing to pursue their claims. ECF No. 27 (Nintendo Motion); *see also* ECF No. 37 (Plaintiffs' Opposition); ECF No. 41 (Nintendo Reply). The Court compelled to arbitration the threshold issue of whether there is a properly formed and enforceable arbitration agreement and deferred ruling on Nintendo's motion to dismiss the minors' claims for lack of standing. ECF No. 43. The Court stayed this action pending the arbitration ruling on the enforceability of the EULA and its arbitration provision. *Id.*

In the attached decision, Ex. A, the arbitration panel ruled in favor of Nintendo, concluding, as Nintendo has asserted from the beginning of this litigation, that adult Plaintiffs Sanchez and Vierra assented to the EULA "when they purchased the Switch and assigned to their minor children the tasks of 'setting up' the Switch." Arbitral Decision ¶ 4. The panel also agreed with Nintendo that "[t]here is no agreement between Nintendo and the Minors." *Id.* ¶ 5.

Following the panel's ruling, counsel for Plaintiffs informed counsel for Nintendo that Sanchez and Vierra would abandon their claims rather than pursue them in individual arbitration, and the arbitration proceedings have since been closed at Plaintiffs' request. Counsel for Plaintiffs also said, and Plaintiffs' Status Conference Statement now confirms, that minor Plaintiffs M.S. and A.D. intend to pursue claims in federal court. ECF No. 56.

M.S. and A.D.'s claims fail on several grounds, one of which the parties have fully briefed: they lack standing. ECF No. 27 (Nintendo's Motion) at 22–24; ECF No. 37 (Plaintiffs' Opposition) at 21–25; ECF No. 41 (Nintendo's Reply) at 3, 14–15. The minors—by their own admission—did not purchase the products at issue and allege no cognizable harm to themselves. *See id.* Because the Court compelled arbitration on the threshold issues of assent and enforceability, it did not reach and has not yet ruled on Nintendo's motion to dismiss M.S. and A.D.'s claims for lack of standing. The arbitral decision confirms that the Court is the proper tribunal to address their lack of standing and dismiss those claims. The purchasing adults who had standing to pursue claims in arbitration abandoned those claims; their minor children cannot circumvent their parents' agreements to arbitrate and pursue in court claims over products the minors did not purchase and used only with their parents' permission. *See* ECF No. 46 (Oral Ruling) at 25 ("[I]f it's going to be used, the adult is responsible for what goes on, ultimately, in the house. And the adult is the one who gave it to the kid.").

Nintendo respectfully requests that the Court lift the stay and rule on Nintendo's motion to dismiss the minor Plaintiffs' claims for lack of standing. If needed, Nintendo will raise the other grounds for dismissal at the appropriate time, but the threshold legal question of standing is fully briefed and dispositive as to the remaining claims.

Unless the Court orders otherwise, Nintendo will attend the March 31, 2022, telephonic status conference prepared to discuss next steps. *See* ECF No. 55.

1    DATED: March 22, 2022              **PERKINS COIE LLP**

2                                        By: *s/ Eric J. Weiss*

3                                       Jasmine W. Wetherell (Cal. Bar No. 288835)
                                        Eric J. Weiss (*pro hac vice*)
4                                       David T. Martin (*pro hac vice*)

5                                       Attorneys for Defendant
                                        Nintendo of America Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# *Exhibit A*

## *to Nintendo's Status Report*

## **Arbitral Decision**

*Sanchez v. Nintendo of America Inc.*
Case No. 3:20-CV-06929-WHA

# AMERICAN ARBITRATION ASSOCIATION

**In the Matter of the Arbitration between**

**Luz Sanchez, Dolly Vierra, and minors A.D. and M.S. (hereinafter "Claimants")**
**vs**
**Nintendo of America, Inc. (hereinafter "Respondent")**

**Case Number: 01-21-0002-4665**

## Decisions on Arbitrability

1.  Judge William Alsup of the U.S. District Court for the Northern District of California ordered this matter to arbitration for a determination "whether there is a properly formed and enforceable arbitration agreement under the End User License Agreement" ("EULA") for the Nintendo product known as the Switch.

2.  After a November 10, 2021 telephone conference call among the Arbitration Panel (Jon H. Sylvester (Chair), Jack I. Garvey, and Rudolph J. Gerber); Claimant's Counsel Ruhandy Glezakos, Benjamin Heikali, and Joshua Nassir; and Respondent's Counsel Eric J. Weiss, Cara Wallace, and David Martin, it was agreed that a meaningful response to Judge Alsup's question required the Panel to decide: (1) whether there is an enforceable arbitration agreement and, if so, with whom? and (2) if the arbitration agreement was initially enforceable against the minor Claimants (the "Minors"), have the Minors effectively disaffirmed the arbitration agreement?

3.  Both parties are well represented and their counsel have presented their respective positions clearly and thoroughly.  Having carefully read and considered Respondent's Arbitration Brief, Claimants' Arbitration Brief, and Respondent's Reply Brief, along with their respective exhibits, the Panel has found and decided as set forth below.

4.  Claimants Luz Sanchez and Dolly Vierra (the "Parents") were bound when they purchased the Switch and assigned to their minor children the tasks of "setting up" the Switch, which constituted use of the Switch by the Parents.

**Sanchez, Vierra, et al v. Nintendo of America, Inc.**                    **Page Two**
**AAA Case Number: 01-21-0002-4665**

    5.  There is no agreement between Nintendo and the Minors.  Because the Minors were never parties to the EULA or bound by its arbitration provision, we need not decide what law would govern the Minors' avoidance of contractual obligations under the EULA.  Nor do we need to determine whether the Minors misrepresented their ages, or whether any contractual obligations of the Minors were avoided or disaffirmed within a reasonable time.

    6.  In sum, we answer the questions posed in paragraph #2 above as follows: (1) The EULA's arbitration provision is an enforceable agreement between Respondent and the adult Claimants, and (2) there is no arbitration agreement between Respondent and the minor Claimants.


*Jon H. Sylvester*                                      February 6, 2022
Prof. Jon H. Sylvester
Neutral Arbitrator and Panel Chair


*Jack I. Garvey*                                        February 6, 2022
Prof. Jack I. Garvey
Neutral Arbitrator


*Rudy J. Gerber*                                        February 6, 2022
Hon. Rudolph J. Gerber
Neutral Arbitrator