UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUZ SANCHEZ, DOLLY VIERRA, M.S., a minor, and A.D., a minor, on behalf of themselves and all persons similarly situated,

Plaintiffs,

v.

NINTENDO OF AMERICA INC.,

Defendant.

No. C 20-06929 WHA

**ORDER RE DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

**INTRODUCTION**

In this putative class action about an allegedly defective video game system, defendant moves to dismiss for lack of standing. To the extent stated, the motion to dismiss is **GRANTED**.

**STATEMENT**

As alleged, the Nintendo Switch was a video game console. It came with two hand-held controllers, "Joy Cons," which had joysticks, buttons, and haptics, allowing users to control the movements of their avatars. At all material times, the Switch and Joy Cons, working as a unit, allegedly harbored a defect, which caused the on-screen avatar to move without direction from the player. This caused it to "drift" in various directions. The avatar's random veering grew worse over time. After about a year, the Switch became unusable, or so the complaint alleges.

At set up, Nintendo required consent to an End User License Agreement (EULA), which contained arbitration and forum-selection clauses. The product's packaging stated that users

agreed to the EULA and pointed readers to the website for the agreement's terms (Amd. Compl. ¶¶ 27–47).

Plaintiffs, two parents and two minor children, have used their free amendment. The amended complaint claims a nation-wide class with "thousands" of members, over five million in damages, and injury under California's Unfair Competition Law, California Business and Professions Code Section 17200; California Consumers Legal Remedies Act, California Business and Professions Code Section 1750, *et. seq.*; the Song-Beverly Consumer Warranty Act for Breach of Implied Warranty of Merchantability; and unjust enrichment. It also seeks a declaratory judgment that minor plaintiffs may disaffirm the EULA on behalf of all minors in the putative class (*id.* ¶¶ 64, 70).

Early in this case, defendant moved to transfer under the Federal Arbitration Act, 9 U.S.C. § 4 (on account of a forum-selection clause in the EULA), 28 U.S.C. § 1404(a) (interests of justice), and, in the alternative, to dismiss under Rule 12(b)(1) (standing), 12(b)(3) (venue), and 12(b)(6) (failure to state a claim). With their opposition, plaintiffs' counsel attached four declarations, one from each plaintiff. At oral argument, an oral order sent the case to arbitration on the issue of the delegation clause's compulsory effect.

An arbitration panel determined that claims by the parents, Dolly Vierra and Luz Sanchez, had to proceed in arbitration but that plaintiffs, A.D. and M.S., were not bound (Dkt. No. 57, Exh. A ¶¶ 5, 6):

> There is no agreement between Nintendo and the Minors. Because the Minors were never parties to the EULA or bound by its arbitration provision, we need not decide what law would govern the Minors' avoidance of contractual obligations under the EULA. Nor do we need to determine whether the Minors misrepresented their ages, or whether any contractual obligations of the Minors were avoided or disaffirmed within a reasonable time.

The minors have returned here for litigation. At the status conference on March 31, 2022, both sides agreed that the fully-briefed motion to dismiss for lack of standing stood ripe for resolution (*see* Dkt. Nos. 56, 57). This order now reaches the motion to dismiss the minors' claims for lack of standing.

**ANALYSIS**

Preliminarily, the arbitration panel's decision has certain implications for this action: with former-plaintiffs Sanchez and Vierra bound to arbitrate, this order **STAYS** this action as to plaintiffs Sanchez and Vierra. The arbitration panel has already found that the minors were never party to the EULA. Any motion to dismiss the minors' declaratory judgment claims is **DENIED AS MOOT** (*see* Dkt. No. 57, Exh. A ¶¶ 5, 6).

Next, this order resolves two issues related to the pleadings. *First*, it does not consider the opposition declarations of the parents or the minors, as plaintiffs request. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Under a factual attack, the district court may consider evidence beyond the complaint. Defendant's motion, however, is "limited to the allegations in the complaint," thus represents a facial attack. *Smith v. Grumman*, 60 F. Supp. 3d 1051, 1055 (N.D. Cal. 2014) (Judge Edward J. Davila). Therefore, this order may only consider the amended complaint; "material submitted as part of the complaint or relied upon in the complaint;" and "material subject to judicial notice." *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir. 2001). The declarations do not qualify under any exception. This order cannot consider them on this motion.

*Second*, plaintiffs' counsel declare that they made a scrivener's error when they pleaded, "Plaintiffs Luz Sanchez and Dolly Vierra 'purchased the Nintendo Switch console for personal, family, ***and*** household use.'" They meant "***or*** household use" (Dkt. No. 37-1). This would represent a substantive change. Adding "or" is possibly intended to conform the pleading to the text of the CLRA. This order declines to accept such an amendment by declaration.

Turning to the complaint, this order finds that the minor plaintiffs have not alleged "the irreducible constitutional minimum of standing," which is their burden. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Standing requires "concrete, particularized, and actual or imminent (as opposed to conjectural or hypothetical) injury in fact, fairly traceable to the defendant's conduct, which will be redressed by a favorable decision." *Ibid*.

Here, plaintiffs argue that Vierra and Sanchez transferred ownership to M.S. and A.D., thus conferring a property interest to them. The complaint does not allege as much. California law

defines a gift as "a transfer of personal property, made voluntarily, and without consideration." *United States v. Alcaraz-Garcia*, 79 F.3d 769, 775 (9th Cir. 1996) (citing Cal. Civ. Code § 1146). A gift requires:

> (1) competency of the donor to contract; (2) a voluntary intent on the part of the donor to make a gift; (3) delivery, either actual or symbolic; (4) acceptance, actual or imputed; (5) complete divestment of control by the donor; and (6) lack of consideration for the gift.

*Id.* at n.13 (emphasis added). Per our court of appeals, "[t]he retaining of control in the hands of the donor over the subject of the gift, or the reservation by the donor of any right to retake the property or appropriate it to other purposes, avoids the gift." *Ibid*.

Most glaringly, our amended complaint fails to allege elements (2) or (5). The complaint portrays the parents as primary victims. They allegedly saw an ad, bought the Switch, realized it was a lemon, and now deserve recompense. Specifically, the parents purchased the Switch for "personal, family, and household use" (Amd. Compl. ¶¶ 13, 21). The complaint does not call the console a gift. Nor would "*or* household use" change matters. No language about a transfer appears in the complaint. The remaining allegations also suggest the parents retained ownership: "Joy-Con Drift greatly impacts . . . the ability for *Plaintiffs* and putative class members to use the Nintendo Switch" (*id.* ¶ 45 (emphasis added)). All state-law claims name "plaintiffs" generically, meaning parents and children. The complaint further alleges facts applicable only to the parents (*e.g.*, plaintiffs "purchasing" the Switch (Section 17200), alleging the parents would have "paid significantly less" (CLRA), defendant "fraudulently obtained money from" plaintiffs (FAL), and plaintiffs "conferred non-gratuitous benefits" to defendant (unjust enrichment) (*id.* ¶¶ 13, 21, 84, 112, 132; Sanchez Decl. ¶ 5). The minors' use did not make them owners.

Crucially, plaintiffs have cited no authority in which users suffered an injury-in-fact from a defective product that they did not own. An independent search also yielded none. Nor has our court of appeals spoken to this precise issue. Our suit substantially tracks the following decisions for, at best, the amended complaint alleges a right of access or shared possession, neither of which suffice for injury-in-fact. In *Bristow v. Lycoming Engines*, Bristow brought California consumer protection claims to recover the cost he paid for replacing an allegedly

4

faulty airplane crankshaft. 2007 WL 1752602, at *4 (E.D. Cal. June 15, 2007) (Judge Lawrence K. Karlton). He flew but did not own the plane, which belonged to a corporation (he was its president). Denying class certification, the decision found that the plaintiff suffered no injury-in-fact. It reasoned that the putative class members would have suffered "either . . . diminished resale value" or "extra costs associated with replacing the crankshaft," neither of which applied to Barstow. *Ibid.* He "ha[d] no legal right to sell the plane, because only" the corporation could do so. *Ibid.* Accordingly, any diminished value on resale could not injure Barstow.

Here, the minors simply used the consoles. They had no right to sell them. Therefore, the minors could not suffer reduced resale value. Similarly, a husband's "pecuniary interest" in stock owned with his wife, but held in her name, did not confer him Article III standing in a securities suit. *Petrie v. Elec. Game Card, Inc.*, 308 F.R.D. 336, 346 (C.D. Cal. 2015) (Judge David O. Carter). *See also Copelan v. Infinity Ins. Co.*, 192 F. Supp. 3d 1063, 1066 (C.D. Cal. 2016) (overruled on other grounds, 728 Fed. Appx. 724 (9th Cir. 2018)) (Judge Manuel L. Real) (lessee of defective car lacked Article III standing to bring diminished-value claim). This order holds that the complaint does not adequately allege the gift and thus cannot state injury-in-fact as to the minors. To be clear, this order does not hold that if the complaint were to adequately allege the gift, the minors could boast Article III or statutory standing. To the extent stated, the motion to dismiss is **GRANTED**.

Finally, in a single footnote, "Plaintiffs respectfully request leave to amend to clarify their standing under the FAL" (Opp. Br. n.9). They offer neither argument nor proposed amendment, *i.e.*, nothing on which this order can evaluate their motion. Motion for leave is **DENIED**.

## CONCLUSION

The motion to dismiss is **GRANTED**. Plaintiff's one-line motion for leave to amend is **DENIED**. By **SEPTEMBER 29, 2022, AT NOON**, plaintiffs may again seek leave to amend the dismissed claims by motion noticed on a normal 35-day calendar. Plaintiffs must plead their best case. Any motion should affirmatively demonstrate how the proposed complaint corrects the deficiencies identified in this order, as well as all other deficiencies raised in defendant's

motion but not addressed herein. Any motion should be accompanied by a redlined copy of any proposed amendment.

**IT IS SO ORDERED.**

Dated: September 7, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE