United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M.S., a minor, by and through his guardian LUZ SANCHEZ, and A.D., a minor, by and through her guardian, DOLLY VIERRA, individually and on behalf of all others similarly situated,

    Plaintiffs,

  v.

NINTENDO OF AMERICA INC.,

    Defendant.

No. C 20-06929 WHA

**ORDER RE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## INTRODUCTION

In this putative class action about an allegedly defective video game system, plaintiffs move for leave to file a second amended complaint. For the following reasons, the motion is **DENIED**.

## STATEMENT

The facts herein are described in our previous order (Dkt. No. 67). In brief, plaintiffs allege the Nintendo Switch video game console, working as a unit with two hand-held controllers ("Joy Cons"), harbored a defect, which caused an on-screen avatar to move without direction from the player. The defect grew worse over time to the point where plaintiffs assert the consoles became unusable. At set-up, Nintendo required consent to an End User License Agreement (EULA), which contained arbitration and forum-selection clauses.

Plaintiffs, then two parents and two minor children, filed the first amended complaint in November 2020. They asserted the complaint on behalf of a putative national class and alleged injuries pursuant to the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*,), California False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*), California Consumers Legal Remedies Act (California Civil Code § 1750 *et seq.*), the Song-Beverly Consumer Warranty Act for Breach of Implied Warranty of Merchantability (Song-Beverly Act), and unjust enrichment. The complaint also sought declaratory judgment that minor plaintiffs may disaffirm the EULA on behalf of all minors in the putative class (Dkt. No. 25).

In December 2020, defendant moved to dismiss under Rule 12(b)(1) due to, *inter alia*, lack of standing, or, in the alternative, to compel arbitration due to a forum selection clause in the EULA. During the hearing, the Court sent the case to arbitration on the issue of the delegation clause's compulsory effect. An arbitration panel determined claims by the parents, Dolly Vierra and Luz Sanchez, had to proceed in arbitration and that minors, A.D. and M.S., were never parties to the EULA (Dkt. Nos. 27, 43, 73-4).

Following the arbitration panel's decision, parents abandoned their claims and minors returned to this forum for litigation (Dkt. No. 57). A September 2022 order stayed the action as to parents Sanchez and Viera and denied defendant's motion to dismiss minors' declaratory judgment claims as moot. The order further granted defendant's motion to dismiss minors' remaining claims for lack of standing because the complaint did not adequately allege that minors had received gift and, thereby, failed to state an injury-in-fact. Dismissal was without prejudice, allowing minors a chance to cure the complaint's defects (Dkt. No. 67).

Now, minors seek leave to file a second amended complaint alleging the same claims for relief as in the first amended complaint. This order follows full briefing and oral argument.

## ANALYSIS

Rule 15(a)(2) states that a court should freely give leave to amend a pleading when justice so requires. Leave to amend, however, should not be granted automatically. A court may deny leave if permitting an amendment would be futile or the amended complaint would otherwise be subject to dismissal. *Jackson v. Bank of Hawaii*, 902 F.2d. 1385, 1387 (9th Cir. 1990)*; Moore*

*v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989).

Standing requires concrete, particularized, and actual or imminent injury in fact, fairly traceable to the defendant's conduct, which will be redressed by a favorable decision. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2203 (2021). The September 2020 order held minors failed to allege they had become owners of the consoles and, thereby, failed to allege injury in fact (Dkt. No. 67 at 3–4). Minors now argue their second amended complaint corrects those deficiencies because this time, they sufficiently allege ownership of the consoles and injury in fact, or alternatively, they have standing based on the assignment of rights by parents (Br. 10–13). Both standing theories fail.

### 1. COLLATERAL ESTOPPEL.

Minors are estopped from asserting they have standing on the basis that they received the consoles as a gift from their parents and, thereby, became *de facto* owners of the consoles who disaffirmed the EULA. Plaintiffs already presented these arguments to the arbitration panel which considered and rejected them, so they cannot relitigate these issues.

A party may be barred from relitigating issues actually adjudicated in a previous arbitration proceeding between the same parties. "To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320–21 (9th Cir. 1992). "If a court does not make specific findings, the party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action. Necessary inferences from the judgment, pleadings and evidence [are] given preclusive effect." *See Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518–19 (9th Cir. 1985) (cleaned up).

In arbitration, minors presented arguments in their briefs that their parents gifted them a console, that as a result of the gift, they became owners of the console, and that they are not bound by the EULA because they properly disaffirmed it (*See* Opp. Ex. A at 1, 4–9, 15–17). Minors' motion to amend centers on the same issues regarding gifting, ownership, and

3

disaffirmation (*See* Proposed Second Am. Compl. ¶¶ 26–27, 36–37).

The arbitration panel considered minors' arbitration brief and other briefs along with their respective exhibits and it concluded:

> 4. Claimants Luz Sanchez and Dolly Vierra (the "Parents") *were bound* when they purchased the Switch and assigned to their minor children the tasks of "setting up" the Switch, which constituted use of the Switch by the Parents.
>
> 5. *There is no agreement between Nintendo and the Minors*. Because the Minors were never parties to the EULA or bound by its arbitration provision, we need not decide what law would govern the Minors' avoidance of contractual obligations under the EULA. Nor do we need to determine whether the Minors misrepresented their ages, or whether any contractual obligations of the Minors were avoided or disaffirmed within a reasonable time.

(*See* Dkt. No. 73-4 at 1–2) (emphasis added). The necessary inferences of this decision have preclusive effect. The panel necessarily found that parents were the only owners of the console. Plaintiffs' gifting and disaffirmation arguments were "carefully read and considered" and the arbitration panel ultimately concluded minors are not parties to the EULA, but the parents are. Because there was never any agreement between Nintendo and minors, the panel did not have to rule on the other issues presented (*See id*).

The gifting and disaffirmation issues presented by minors to the arbitration panel are identical to the issues presented in their motion to amend the complaint. They were actually litigated in the prior proceeding and the determination of the issues was a necessary part of the arbitration decision. Central to the issue was the question of who is bound by the arbitration agreement (and, thereby implicitly, who is an owner of the console). The arbitration panel answered this question. Therefore, minors are collaterally estopped from arguing it again here. *See Davis* 751 F.2d at 1518–19. Because minors were not parties to the EULA, their declaratory judgment claim would be subject to dismissal.

2.  **TRANSFER OF THE RIGHT TO SUE.**

In California, a cause of action arising out of violation of property right, or out of contract, is transferable. Cal. Civ. Code § 954. "The burden of proving an assignment falls upon the party asserting rights thereunder" and "the evidence of assignment [must] be clear and positive to

1   protect an obligor from any further claim by the primary obligee." *Cockerell v. Title Ins.*
2   *& Tr. Co.*, 267 P.2d 16, 21 (Cal. 1954). To have standing under Sections 17200 and 17500, the
3   plaintiff must be the one who has suffered an injury in fact as a result of unfair competition or
4   false advertising. *See* Cal. Bus. & Prof. Code §§ 17204, 17535. Additionally, the assignment of
5   rights arising under Sections 17200 and 17500 does not confer standing on an uninjured assignee.
6   *See Amalgamated Transit Union, Loc. 1756, AFL-CIO v. Superior Ct.*, 209 P.3d 937, 942–43
7   (Cal. 2009). Similarly, rights under the Song-Beverly Act are not transferred upon a private sale
8   of a product and the assignment of claims arising out of the statute does not confer standing upon
9   the assignee. *See Dagher v. Ford Motor Co.,* 238 Cal. App. 4th 905, 926–27 (2015).

10   Here, minors failed to allege they have standing to bring Sections 17200 and 17500, and
11   Song-Beverly Act claims. Minors did not buy the consoles, so they are not the ones who suffered
12   injury *due to* unfair competition or false advertising — their parents suffered that injury, if any
13   injury there be. Because the assignment of claims arising under Sections 17200 and 17500 does
14   not confer standing on an uninjured assignee, minors cannot allege standing. *See Amalgamated*
15   *Transit Union*, 209 P.3d at 942–43. Similarly, minors do not have standing to pursue claims
16   under the Song-Beverly Act because gifting and assignment of rights do not confer standing to
17   sue. *See Dagher,* 238 Cal. App. 4th at 926–27.

18   Minors next say they have standing to pursue claims under the CLRA and unjust
19   enrichment based on the ownership and assignment arguments (Br. 10–13). *First*, as already
20   explained, minors failed to allege ownership of the consoles, so they lack standing under this
21   theory. *Second*, they also failed to allege valid assignment of rights. The complaint contains a
22   statement, purportedly attributable to parents, that they now "assign" rights to pursue their claims
23   as purchasers to minors (*See* Proposed Second Am. Compl. ¶¶ 35, 43). These statements of non-
24   parties placed in the complaint are not "clear and positive evidence" of assignment. *See*
25   *Cockerell*, 267 P.2d at 21. Because minors failed to allege ownership of the console and
26   assignment of right to sue, they lack standing to pursue the CLRA and unjust enrichment claims.

**CONCLUSION**

Minors failed to affirmatively demonstrate that the amended complaint corrects deficiencies identified in the September 2022 order, namely, that minors have sufficiently alleged the "constitutional minimum of standing." This order, therefore, finds the amendment futile and subject to dismissal. Accordingly, minors' motion for leave to file second amended complaint is **DENIED**. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: November 22, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE